IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

W. DAVID JONES,  )
                 )
    Plaintiff,   )
                 )
v.               )   Civil Action No. 3:19CV894–HEH
                 )
NATALIE C. SEILING, *et al.*,  )
                 )
    Defendants.  )

**FILED FEB 21 2020 CLERK, U.S. DISTRICT COURT RICHMOND, VA**

## MEMORANDUM OPINION
(Granting Government's Motion to Dismiss)

This matter is before the Court on the United States Government's ("Government") Motion to Dismiss, filed on December 6, 2019 (ECF No. 3). Plaintiff W. David Jones ("Plaintiff") filed his Complaint against Natalie C. Seiling ("Defendant Seiling") and John T. Wait ("Wait") in Chesterfield County Circuit Court on September 13, 2019, alleging state law claims of slander/defamation, intentional infliction of emotional distress, wrongful/tortious interference with contract expectancy, and punitive damages for intentional, malicious, willful and wanton misconduct. As alleged in the Complaint, at all relevant times, the parties were employed at Defense Logistics Agency ("DLA")—an agency of the federal government.

Pursuant to 28 U.S.C. § 2679(d)(2), this case was removed from Chesterfield County Circuit Court to this Court upon the United States Attorney for the Eastern District of Virginia's scope of employment certification. By Memorandum Order issued on January 23, 2020, this Court upheld the Government's scope of employment

certification, granted the Government's Motion of Substitution, and overruled Plaintiff's Objection to Substitution and Certification (ECF No. 9). This Court found that Defendant Seiling was acting within the scope of her employment as to only the claims involving her alleged statements to DLA authorities about Plaintiff, and that Wait was acting within the scope of his employment at the time of all the incidents out of which Plaintiff's claims arose. Accordingly, the Government was substituted as a party Defendant partially for Defendant Seiling and fully for Wait. As such, Wait was terminated as a party Defendant, and only Defendant Seiling and the Government remain as Defendants.

The Government now seeks to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has failed to respond to the Government's Motion.[1] The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J).

Rule 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction. When a defendant has challenged subject matter

---

[1] At the hearing on the Government's Motion of Substitution, the Court indicated to the parties that it would grant that Motion and would provide Plaintiff with an additional fourteen (14) days to respond to the Government's Motion to Dismiss. Those 14 days have passed, without any response from Plaintiff. This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). Notably, Plaintiff has failed to submit any filings or objections with this Court since the issue of substitution was determined.

2

jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving that the court has jurisdiction to hear the case. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citations omitted). "The court may . . . consider facts and exhibits outside of the pleadings without converting the motion to dismiss into a motion for summary judgment." *Mayfield v. United States*, No. 2:17-cv-202, 2017 WL 3461301, at *1 (E.D. Va. Aug. 11, 2017) (citing *Williams*, 50 F.3d at 304).

Importantly, "[a]s a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "All waivers of sovereign immunity must be 'strictly construed . . . in favor of the sovereign.'" *Id.* at 650–51 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). The plaintiff's claim must be dismissed if the plaintiff fails "to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim." *Id.* at 651; *see also Martinez v. United States*, No. 1:15-cv-1035, 2016 WL 11668714, at *1 (E.D. Va. Feb. 8, 2016) ("Where sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case.").

The Federal Tort Claims Act ("FTCA") governs the claims alleged against the Government in this case. *See* § 2679. "The FTCA 'waive[s] the sovereign immunity of the United States for certain torts committed by federal employees.'" *Ignacio v. United States*, 674 F.3d 252, 253 (4th Cir. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). However, under the FTCA, the federal government's immunity is not waived "unless the claimant shall have first presented the claim to the appropriate Federal agency

3

and his claim shall have been finally denied by the agency in writing. . . ." 28 U.S.C. § 2675(a); *see Mayfield*, 2017 WL 3461301, at *2. Accordingly, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In his Memorandum in Support of Objection to Substitution and Certification, Plaintiff asserts that "Wait knew plaintiff had filed an Equal Employment Opportunity Complaint against him." (ECF No. 6 at 9). However, Plaintiff has failed to allege or show that he filed an administrative claim with the appropriate agency—the DLA—or filed an administrative claim against Defendant Seiling. Moreover, the Government submitted a declaration from a DLA employee—Matthew D. Maddux, Chief of Business Management—who conducted a search of DLA's administrative claims database from 2015 to November 2019, and found no record of Plaintiff filing an administrative claim under the FTCA, or any other statute. (Maddux Decl., ECF No. 4-1.) Even if an administrative claim had been filed, Plaintiff has failed to allege or show that that administrative complaint involved the same claims Plaintiff brought in this matter or that the agency denied his claims in writing. *See* § 2675(a). Accordingly, this Court finds that Plaintiff has failed to exhaust his administrative remedies, and therefore, this Court lacks jurisdiction over the claims asserted against the Government. *See Mayfield*, 2017 WL 3461301, at *2; *Brown v. United States*, 933 F. Supp. 2d 780, 787 (E.D. Va. 2013).

Moreover, under the FTCA, the federal government's waiver of sovereign immunity for tort actions does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

4

misrepresentation, deceit, or interference with contract rights."[2] 28 U.S.C. § 2680(h); *see also Brown*, 933 F. Supp. 2d at 783 n.6; *Jordan v. Donahoe*, No. 3:12-cv-759-JAG, 2013 WL 2950516, at *4 (E.D. Va. June 13, 2013) ("'Defamation' is simply Virginia's term for libel and slander."). Therefore, pursuant to the plain language of the statute, the defamation/slander and wrongful/tortious interference with contract expectancy claims, as alleged against the Government, must fail. *See Brown*, 933 F. Supp. 2d at 783 & n.6.

While a claim for intentional infliction of emotional distress is not expressly exempted from the statutory waiver, such a claim may still be barred if "it arises out of 'conduct that would establish an excepted cause of action.'" *White v. United States*, 5:15cv79, 2016 WL 3034095, at *2 (W.D. Va. Apr. 29, 2016) (quoting *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994)), *report and recommendation adopted*, 2016 WL 3042961 (W.D. Va. May 27, 2016); *see also Talbert v. United States*, 932 F.2d 1064, 1066–67 (4th Cir. 1991) (quoting *Jimenez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982)) ("Artful pleading cannot alter the fact that [plaintiff's] claim 'resound[s] in the heartland of the tort of defamation: the injury is to reputation; the conduct is the communication of an idea, either implicitly or explicitly.' As such, [plaintiff's negligent maintenance] claim is barred under § 2680(h) of the FTCA."). Indeed, the statute

---

[2] Plaintiff's claim for punitive damages against the Government would also fail under the FTCA, and accordingly, must also be dismissed. *See* 28 U.S.C. § 2674; *Flannery for Flannery v. United States*, 718 F.2d 108, 110 (4th Cir. 1983). While the Government does not expressly move for dismissal of the punitive damages claim in its Motion to Dismiss, this Court may dismiss that claim, as alleged against the Government, *sua sponte*. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings, and may (or, more precisely, must) be raised *sua sponte* by the court.").

precludes "[a]ny claim *arising out of*" the enumerated torts. § 2680(h) (emphasis added); *see also Harms v. United States*, No. 91-2627, 1992 WL 203942, at *5 (4th Cir. Aug. 24, 1992) (unpublished table opinion) ("[W]e therefore conclude that the [plaintiffs'] claims for intentional infliction of emotional distress and loss of consortium 'arise out of' their excluded claims for libel or slander, and are therefore also barred by 28 U.S.C. § 2680(h).").

In this case, Plaintiff bases his intentional infliction of emotional distress claim—as it pertains to the incidents for which the Government has been substituted—on the alleged defamatory statements Defendant Seiling made to DLA authorities. (*See, e.g.*, Compl. ¶ 171, ECF No. 1-1 ("As a proximate result of having to defend himself against baseless allegations . . . in the workplace, [he] again suffered severe emotional distress.").) Accordingly, Plaintiff's claim for intentional infliction of emotional distress against the Government is also barred under § 2680(h) because it arises out of his slander/defamation claim. *See White*, 2016 WL 3034095, at *2 ("It is thus inescapable that the conduct giving rise to [plaintiff's] claims for defamation and intentional infliction of emotional distress is the same. Accordingly, both claims fall within the exemption to the waiver of sovereign immunity.").

Thus, Plaintiff's claims against the Government are barred under either § 2675(a) or § 2680(h) because the Government has not waived its immunity. Accordingly, for these reasons, the Government's Motion to Dismiss will be granted, and the claims for which the Government has been substituted will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The remaining claims are against only Defendant Seiling for conduct that occurred outside the scope of her employment. Accordingly, because these are state law claims and the parties are non-diverse, the remaining claims against Defendant Seiling will be remanded to Chesterfield County Circuit Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 20, 2020
Richmond, Virginia